IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT GERARD MASSARO,                    )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )  Civil Action No. 08-1141
                                         )
MICHAEL J. ASTRUE,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
            Defendant.                   )

O R D E R

AND NOW, this $\underset{\sim}{23}^{rd}$ day of March, 2009, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision,

denying plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq.,

and denying plaintiff's claim for supplemental security income

benefits under Subchapter XVI of the Social Security Act, 42 U.S.C.

§1381, et seq., finds that the Commissioner's findings are supported

by substantial evidence and, accordingly, affirms. See 42 U.S.C.

§405(g); Jesurum v. Secretary of U.S. Department of Health & Human

Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970

F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924

(1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See

also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

supported by substantial evidence, the Commissioner's decision must

be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Although, as noted above, substantial evidence supports the decision in this case, one issue requires some further discussion. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining that he did not meet a listed impairment because of the ALJ's misunderstanding of the facts, particularly, her allegedly incorrect finding that the assessments of Dr. Allan D. Pass, Ph. D, that Plaintiff was preoccupied with conspiracy, social injustice, and paranoia do not appear evident in other reports in the record or in Plaintiff's testimony. The Court disagrees. First, it should be noted that the ALJ did not raise the issue of Dr. Pass' assessments of Plaintiff's preoccupation with conspiracy, social injustice, and paranoia in regard to determining whether Plaintiff met Listing 12.04; rather, this was addressed in her determination of Plaintiff's residual functional capacity. Second, while Plaintiff did make somewhat vague statements at the hearing regarding government conspiracies, there is no indication of a "preoccupation" with these conspiracies. Indeed, he indicates that he only has thoughts of government conspiracies sometimes and is ambiguous as to whether or not it rises to the level of paranoia. (R. 197, 211). There is nothing in the record outside of Dr. Pass' reports regarding a preoccupation with social injustice. Knowing the names of the four most recent presidents and having negative feeling about President Bush do not in any way demonstrate such a preoccupation.

Moreover, the ALJ seems to also be referencing the fact that there is little in the way of clinical findings or treatment notes to support Dr. Pass' ultimate conclusions. Indeed, it appears that all of the documents from Dr. Pass regarding Plaintiff's condition were created for the sole purpose of the hearing in this case. Although this is in no way inappropriate, the fact that there is no detailed evidence from Dr. Pass supporting his conclusions further supports the ALJ's decision. This is reinforced, as noted by the ALJ, by the fact that none of the reports of the other medical health providers who have examined Plaintiff made any reference to preoccupation with government conspiracies, social injustice or paranoia.

Finally, in any event, there is nothing in the record that would indicate that Plaintiff's thoughts regarding government conspiracies or social injustice have any specific impact on his ability to work. Accordingly, substantial evidence support's the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion

for Summary Judgment (document No. 7) is DENIED and defendant's

Motion for Summary Judgment (document No. 9) is GRANTED.

D3 Cerone

United States District Judge
(For Judge Alan N. Bloch)

ecf:    Counsel of record